UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Daniel Noah Belton**                    **Docket No. 5:21-CR-390-1FL**

### Petition for Action on Supervised Release

COMES NOW Marisa D. Watson, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Daniel Noah Belton, who, upon an earlier plea of guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(b)(2), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on October 5, 2022, to the custody of the Bureau of Prisons for a term of 20 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. On October 18, 2022, the judgment was amended to give the defendant credit for any creditable time served in state and federal custody.

Daniel Noah Belton was released from custody on February 9, 2024, at which time the term of supervised release commenced.

On February 28, 2024, the United States Probation Office submitted a letter to the court asking for a hearing to be held to determine if the defendant should be ordered to participate in a psycho-sexual evaluation. On April 10, 2024, a hearing was held before Terrence W. Boyle, United States District Judge, where it was ordered the United States Probation Office should be granted access to the results of a psycho-sexual evaluation completed prior to the defendant's original sentencing. On April 15, 2024, the court signed a letter granting permission for the United States Probation Office to access the previously completed psycho-sexual evaluation as well as a separate letter written by Dr. Keith Hersh, who completed the evaluation.

On May 13, 2024, a Petition for Action was filed with the court requesting conditions be added for computer monitoring, mental health treatment, and sex offender treatment. The court agreed and ordered these conditions.

On April 21, 2026, this case was reassigned to the Honorable Louise W. Flanagan, United States District Judge.

At sentencing, the defendant was ordered to the following mandatory, standard, and/or special conditions:

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MANDATORY CONDITIONS:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within the first 15 days of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. You must cooperate in the collection of DNA as directed by the probation officer.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MONETARY OBLIGATIONS:**

Special Assessment: $100.00
Restitution: $43,000.00

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that no changes be made to the mandatory, standard, and/or special conditions that were imposed at the time of sentencing.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision with no changes to the original ordered mandatory, standard, and/or special conditions of supervision. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Maurice J. Foy
Maurice J. Foy
Supervising U.S. Probation Officer

/s/ Marisa D. Watson
Marisa D. Watson
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8690
Executed On: April 21, 2026

## ORDER OF THE COURT

Considered and ordered this ___22nd___ day of _____April_____, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
United States District Judge